Good morning. Kyle Hoffman of the United States. Since these cases present pretty much the same issue, though in a slightly different procedural posture, what I'll try to do is pick up some of the questions that the court asked my colleague and see if I can address them. I believe Judge Fletcher asked whether the district court had any discretion to basically count or not count points under the scheme of the guidelines. And I suggest that the district court does not. It has to count the points. And I tried to cite the cases for that proposition at page 12 of footnote 5 of our brief, of our opening brief. One of those cases was Franco Flores, which I believe Judge Fletcher was on on that panel. I'd also suggest that this relates to a question that Judge Wardlaw asked, which is now that we're in this kind of advisory world, why are we treating the mandatory minimum and safety vows so strictly, so to speak? It's not really what I was asking. What I was saying is that if the district court judge, irregardless of the role, whether we count or don't count, if the district court judge thought that this was an appropriate sentence, there's nothing to preclude it from imposing that sentence. Agreed. I thought Your Honor was going to a further point, which is that it seems funny to have almost a, we can call it a straitjacket in an advisory world. I don't disagree with the proposition that you and prior counsel were suggesting. Right. Well, right. So I'm saying why, okay, you're right. So the next question, if you agree with the first statement, then the next question is then why, what's the principled reason to have this rule? Well, part of it, I agree with prior counsel, it's a decision that is made by another branch of government to have a mandatory minimum. But we're talking about calculating guidelines. Right. But they have incorporated that aspect in the statute, 3553F. So in other words, I disagree with the proposition that there's guidelines and that that's sort of at a lower level of priority, so to speak. I would suggest this is at the level of statute. 3553F incorporates the issues about it has to be a mandatory minimum unless safety valve or substantial assistance applies. And I submitted a 28-J letter to the court on that issue. It was a recent case, if you should not pronounce it like the German pronunciation, WIPF, W-I-P-F, which essentially says that. Now, on the issue, I'll just take the bull by the horns, I hope, the issue of fairness. I do agree with prior counsel that in some sense, you know, other branches of government have ideas about fairness, too. But we've got to remember, this is a, on both of these cases, very destructive drug, large amounts. Second, Franco Flores' case, this Court, reminds the Court that these, admittedly, these defendants don't have extensive criminal histories. I mean, by hypothesis, they're not going to have extensive criminal histories. But it's not as if they don't have any. And in a sense, I suggest that they then get a notice by their prior convictions to straighten up and fly right. And instead, what do they do is they up the ante to a very, very serious offense. Now, we may disagree about the calibration, but I suggest that it's a reasonable proposition to say, well, look, when you have a repeat offender, somebody who's on the supervision of a court, basically, you know, is required to come into court and account for their actions. If they don't, don't treat that very seriously, then it's reasonable to... Right. So, both these guys went back into court and told the judge, I committed this other crime, and unless you do this non-frontal order, I'm going to get 10-year mandatory. Right. And the judge said, yeah, well, your first crime, this wasn't that big a deal, so I'm going to reduce the probation. And that's what they're saying. The first one was theft. I mean, the first one was DUI. The second one was theft. Three years probation was the sentence, which is, you know, it's no sentence at all. I think this one here was one day in jail and three years probation or something. Correct. I mean, that's saying this is not a very serious crime. I'm not saying that the underlying state offense was a hugely serious crime. What I'm saying is that it's serious business to be on the supervision of a court, and then to meantime, imported basically five pounds of pure methamphetamine. That's a proposition I put forward. Second, I had a discussion with a former colleague who turned into a state court judge recently, and his comment was, the state court judges don't have any skin in this game. It's true that the district attorney opposed it, but they don't fully understand the consequences. The district attorney is not going to appeal this order. He questioned whether this was even a, at least the nunk-pro-tunk aspect of it, to get out from under 4A1.1D was even a valid legal order. But nobody's determined that, because the district attorney, they don't have skin in the game. So I suggest that it wouldn't be proper to defer so much to the state court. And I'd also suggest, this is directly from Alba Flores, page 1008, footnote five, whether a defendant is under a criminal justice sentence is ultimately a question of federal law. So I suggest you can't basically punt to the state court on that issue. Now, finally, I'm trying to recall the sequence of questions. I think there was a question, well, we may be able to distinguish Alba Flores from this case, because Alba Flores went after the conviction via 1203.4, whereas this goes after the sentence, the probationary sentence in the 1203.3. I'd suggest, and I think Judge Fletcher's question was along this line, is that it may, the vehicle may differ, but really the ultimate point, you can't get out from under the plain language of the guidelines. And that's what Alba Flores relies on. And it says specifically, a number of times at page 1111, it's the actual situation at that point in time, that is, when the defendant commits his new offense, that controls. It says that, I believe, in effect, three times on that page. So it's not a question of whether you undo the conviction or you attack it by one vehicle or another. It's what was the situation when the defendant committed his new offense. Take a picture. That was my colleague's suggestion at that time. And I suggest that Alba Flores, the guidelines, the law is, you don't Photoshop the picture later to change the sentence. If the Court has further questions, I'll try to be happy to try to answer them. I just want to make one comment. There's a distinction between formal supervised probation and bench probation. Now, these two gentlemen, these two cases were, in my opinion, on bench probation, not being supervised by the Court, but they had to compile with certain conditions. So that's a less serious. I think the state courts are shocked when they hear a person in the situation of these two facing 10 years of mandatory marijuana. I think that's a shock to them, assuming there's no other prior convictions, except these minor DUIs or driving without a license, something of that nature. So I think there's some feeling by the state courts to adjust the fairness in the federal sentencing system by doing the best they can to enable a fair sentence to be imposed by the federal court in any particular case. In a sense, I can't quarrel with Your Honor. I don't really. But I'd also suggest that there are other avenues. If people think this is unfair, there are other avenues to do this. And legally, it's not. Well, you've got a substantial assist of 5K1.1. That's a very good one. You've got the 5C1.D, which is our case. Right. But those are only real avenues to get out from under the mandatory minimum. One thing I should suggest, you may not ultimately agree with this, but it seems to me it's a rational position to say, look, we've got a recidivist. Admittedly, the underlying offense is not huge. But there are other avenues. Maybe, you know, 5K, it doesn't follow that this defendant is not, is going to get a 10-year mandatory minimum. The situation may change in terms of what the relative incentives are for things. Maybe he's incentivized a lot more to assist substantially. And we treat these things, oh, it's just a career, it's just a, well, we don't know that. They may know a lot more. And so the incentives may change quite a bit. Well, in this particular case, was there a 5K substantial assistance discussion at all? No. Okay. I don't believe so, because I think all along the avenue was, at the time, all the floors hadn't been decided. And though it was the government's position, the guidelines dictated the resolve, I think the bar was still under the impression, oh, we're going to take this route. It's the easier route. This is probably one of those routine cases where someone paid $100 or $300 to carry some drugs across the border. And they'll say that I thought it was marijuana, but actually it was cocaine or meth or whatever it is of a substantial quantity. That's what we hear, Your Honor. But this defendant, for instance, had been involved in some smuggling, admittedly, on the alien side before. And I don't know that we want to necessarily take it always at face value, these claims. It was Tito at McDonald's or whatever. Yeah, I agree with you. They may know more. And it seems to me that the state court ought to be provided with the background history behind these people who are applying. What if the state court judge initially, not non-quotation, but initially, had sentenced him to a day in prison plus three years' probation, such probation to terminate automatically without further action by this court, if this person commits an offense that would otherwise subject him to a 10-year mandatory minimum under federal law? I don't know the answer to that question. I mean, it's a very interesting order entered on behalf of the state court judge. Perhaps. Perhaps. I mean, I thought the court was going to ask the question, are we saying that the order shouldn't be credited? No, we're not saying that. But if the defendant went on to commit another offense after the state court entered its order modifying probation, we'd say, well, no, the probation has been modified from the point, you know, April 1, 2009 on. It's just we disagree with the proposition that you can go backwards in history, the magic wand Photoshop theory. That's the proposition we disagree with. So the hypothetical you're talking about is really prospective. So on that theory, it would probably be valid. But if you'd asked the sentencing judge, the state sentencing judge at the time, well, what do you want to do here? Would you, in fact, give a non-quotation? And he says yes. Why is what he did different from the sentence that I just hypothesized? Okay. I think I – let me see if I understand Your Honor's question. If the state court was provided with a lot of information and said, look, what I really intended to do back at time X was I wanted to terminate his court of another offense, that would be a different proposition because it wouldn't be a truly – it would truly be a non-quotation order. It would be an order that was trying to make the state court's current order reflect what it intended to do back when it originally sentenced the defendant. How about if I – I would have intended had I known, had I thought about it. I don't think that – I won't go that far with you, Your Honor. I suggest that that's – Yeah. Okay. It seems kind of an artificial line. I mean, and you know there was a lot of disagreement in our circuit with Alba Flores, you know. I understand that. But, Your Honor, the one thing I would point out is that – because I was involved in the petition for rehearing aspect of it. There was a petition for rehearing. Right. And it was not granted. I mean, that's – suggests to Alba Flores – I'm sorry? We're not allowed to reveal books. Well, thank you. I hope I've helped some. Okay. Thank you very much. Thank you. Good morning, Your Honor. It's Vince Bronco, Federal Defenders, on behalf of Mr. Acosta Montes. I know there's been a lot of argument already, but I'll – I think in the bottom line answer in this case is in the eyes of the State of California, Mr. Acosta Montes' probation terminated on May 6th. And to hold that he was under a criminal justice sentence on May 7th is to totally disregard the state court's order. And the government doesn't dispute that this was a valid order in this case. What if the federal statute or the federal guidelines – at this point, for the purpose of the question, I'm indifferent as to whether it's the statute or the guidelines incorporated into the statute – had explicitly said, under a sentence of probation at the time of the offense, irrespective of any later knock-for-tunk order? If the guidelines had specifically said that, then no, we wouldn't be here. But because they did – But that then means that you can't say in a categorical way that because of the knock-for-tunk order, he was not under a sentence of probation at the time of the offense. Because the federal statute just said he is, and it doesn't matter what the state might do retrospectively. I disagree because – I mean, for example, let's just take the example that the guidelines do use of expunged convictions for reasons related to legal error. In a sense, they don't count, but set-asides do count. The guidelines have specifically introduced a mechanism to deal with that situation. They haven't put in a mechanism to deal with modified sentences. And that's all this was in the state court, is a modification of sentences. It was a termination. Pardon me? It was a termination. Yes. It ended probation. It wasn't a modification. Well – A modification would suggest that probation continues with one or more of the conditions being modified. Well, it's a modification of the length of the term of probation. Well, I think it's a termination, in my view, the distinction between the two. I understand. But it's a modification of the length of a sentence. And at least in the immigration context, this Court has held that it's qualitatively different from looking at what a state does versus an expungement or a set-aside and how federal courts treat that versus a modification of sentencing. The latter category, the immigration courts and this Court honor modifications after sentence, but if it's a set-aside or expungement, they look at the character. And that's what the guidelines say. But that's why there's a key distinction here is because here you're dealing with just a change in the length of term. And the guidelines at most, I mean, generously going for the government, are ambiguous on that. So you'd apply the rule of lenity. And if they're silent, why not honor the state court's judgment? Assume for the moment that if I were just looking at the guidelines, I could go your way. I've still got Alba Flores to contend with. And I've got the following sentence that's giving me some difficulty. Toward the end of the opinion in the second to the last full paragraph, the later state court order could not change that concrete fact. It's the actual situation at that precise point in time, not the situation at some earlier or later point that controls. That's a pretty broad statement. How do I get out from under that? I have several answers to that. First of all, the first word you read is the later court order, not any later court order. And that's a fundamental difference between what we had in Alba Flores and what we have here. When I came and argued Alba Flores, I could not argue as a factual matter that Mr. Alba Flores wasn't on probation when he committed the offense. What happened in that case is the termination of probation occurred in February. The offense occurred back in, I believe it was July. There was no non-protunct order terminating the probation back. So I was stuck with the real situation. Mr. Alba Flores was on probation. So I had to rely on an interplay between all these guideline provisions saying, well, because of the later termination made the offense not count under 4A1.1C through a cross-reference to 4A1.2C1, that suddenly this disappears as a criminal justice sentence. And that's the only one side of its influence on the federal sentence for just a moment. If you get an expungement of your state court criminal conviction, does that automatically terminate probation at the time of the expungement? As, well, I'm not sure as far as expungement. Set aside, it wouldn't because the set aside under 1203.4, you can't get until after probation is terminated. I mean, what happened in that? Did Mr. Alba Flores have a set aside or an expungement? I can't remember. It's somewhat confusing. What Mr. Alba Flores asked for was a termination of probation, but then he asked for his misdemeanor offense to be reduced to an infraction non-protunct. The state court took it a step further and said, well, not only am I going to reduce it to an infraction, but I'm going to set it aside and I'll do the reducing it to a fraction non-protunct. But it said nothing about when probation was terminated, but that order just said probation terminated. So the effect of that order was probation was terminated in a time in February, but the offense had been committed back in July. So you didn't have the situation here, which Alba Flores could not speak to. It was actually serving his term at the time, and that wasn't later erased. That's all Alba Flores said. It wasn't later erased by an interplay of all these guidelines, provisions. So the distinction is that the sentence that Judge Fletcher just read, it doesn't apply with equal force where you're actually terminating the probation because Alba Flores was serving, had served the term. I know that doesn't sound very logical. The easiest way to I think. But this is the problem. I don't want you to, I mean, you know, this is really serious stuff, and there's, we have several alternatives we can do. We could, since Bondi asked the court to take up this issue again, and so I know you made a very creative argument in Alba Flores, but what were the facts on the ground when that sentencing court was sentencing Alba Flores? What was it looking at? The district court in Alba Flores said this is just a set-aside, and set-asides are precluded by Hayden and didn't really get into, okay, well, when was probation terminated or what does the, he basically, you know, there's tons of argument at the end. The district court in Alba Flores said, look, government's telling us we can't honor set-asides. This judgment has set-aside on it. We're done. I hate to, and in Alba Flores, he was saying he doesn't deserve this much time, but my hands are tied by, I believe, Hayden. But, and again, that was, I think part of the rationale is there you didn't have a clear non-proton order saying probation was terminated on a prior date, prior to the instant offense. That situation simply wasn't in Alba Flores anywhere, and that is here in this case and the case before, is you have a state court judge specifically terminating probation to a date prior to the offense. So it's a different order. Pardon me? It's a different order. There wasn't. Yeah. I mean, Alba Flores is completely different from the order here. But is it sufficiently different to make a principal distinction? I believe it is, based on the question the court was determining in Alba Flores, is since we have as a factual and legal matter that Mr. Alba Flores was on probation at the time that he committed the offense. And no non-proton order ever believes about that. Correct. They're just deciding, well, in this interplay between 4A1.1C, 4A1.2C, 1, and 4D, does that go away? Does the two points under D go away? Does the criminal justice sentence go away if it goes to a non-countable offense under C? And so that's the main difference. And if Your Honors don't agree, I'd ask for a non-bon com. I'll submit. All right. Thank you, Counsel. All right. We will submit both of these. Actually, can I ask the government a question? Sure. Please do. I want to follow up on the argument we just heard from the public defender, who's saying, well, Alba Flores was a case in which there was, in fact, a federal – there was a criminal justice sentence that he was, quote, under because there was probation. Right. And, indeed, you look at the guideline, it says, under any criminal justice sentence including probation. So probation is included within the definition of sentence. Yeah. I'm glad Your Honor asked this. Here's the – it's true that the legal mechanisms differ. But what happened – what's important to realize in Alba Flores is if you credit the state court's non-proton order, that is changing what actually happened back whenever, and you credit it as of that date, it happens before a year runs out in probation. And so it never counts as a criminal justice sentence at all under the counting terminology. So he may have been on probation on the date that he committed the new offense. But if you credit the non-proncton order in Alba Flores, he wouldn't have been under a, quote, unquote, criminal justice sentence. Well, he was under some sentence. That is to say it was reduced to an infraction. Right. But the point is that the particular offense that he had, in order for it to count as a criminal justice sentence to get the two points, it has to be a year of probation. And if you credit the non-proncton order in Alba Flores, the probation would have terminated prior to a year, even though it still existed on the date of his offense. And so it wouldn't count and you wouldn't add two points. It's a complicated way to get to the point. But the point is he would have been on probation on the date, for sure. But if you credit the non-proncton order, he wouldn't have been under a criminal justice sentence for that particular offense because it requires it to be a year long. That's the difference. Right. It changes the nature of the crime, of conviction. Yes. But you agree that there are two distinct types of orders that we're looking for. I agree. Technically, there are. But it's just that the whole issue is what happens if you credit the non-proncton order in both cases? In both cases, it undoes probation or, in our case, it undoes the criminal justice sentence required to impose two points in the Alba Flores case. All right. Thank you. Accustant Montes will also be submitted. I want to thank all counsel in this case for their argument. It was quite good. Thank you. We will take a, I guess, Withrow versus Bosh-Halsey-Stort-Shield.
judges: Timlin, Wardlaw, Fletcher W.